IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| HARI P. KUNAMNENI, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|        v. | ) | 1:09cv005 (JCC) |
| | ) | 1:09cv450 (JCC) |
| GARY LOCKE, SECRETARY, | ) | (Consolidated) |
| U.S. DEPT. OF COMMERCE, | ) | |
| | ) | |
|     Defendant. | ) | |

### **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff Hari Kunamneni's Motion for Reconsideration. For the following reasons, the Court will deny the motion.

### **I. Background**

#### A. Allegations in the Complaint

An abbreviated version of the allegations in the Complaint follows. Plaintiff Hari Kunamneni ("Plaintiff" or "Kunamneni"), who represents himself in this matter, was formerly employed by the United States Patent and Trademark Office ("USPTO" or "agency") as a patent examiner and was terminated on September 26, 2007. (Compl. ¶¶ 3, 22, 37.) Plaintiff claims that he was diagnosed with CAD-unstable angina on November 26, 2004 (Compl. ¶ 8). According to Plaintiff's physician's statement obtained in August 2007, Plaintiff's physical impairment affects major life activities such as walking, standing, concentrating, working, lifting and thinking. (Compl. ¶ 11., Ex. 4.) In the physician's statement, his physician

1

recommends that Plaintiff work four hours in the morning and four hours in the afternoon with one three-hour break between the shifts. (Compl. ¶ 13, Ex. 5.)

Plaintiff alleges that USPTO discriminated against him by failing to provide reasonable accommodations for the following alleged disability: coronary artery disease and heart arrhythmia. (Compl. ¶¶ 31-34.) He also alleges that his termination for requesting reasonable accommodations and requesting a transfer out of his unit based on his communication problems with his supervisor constituted unlawful retaliation. (Compl. ¶ 36.)

The Complaint contains the following causes of action against Defendant Gary Locke, the Secretary of Commerce ("Defendant" or the "Government"): (1) discrimination in violation of the Rehabilitation Act of 1973 (the "Rehabilitation Act"), 29 U.S.C. § 790, *et seq.*, by failing to provide Plaintiff reasonable accommodations for his disability (Compl. ¶¶ 31-34); (2) retaliation for engaging in protected activities in violation of the Rehabilitation Act and/or Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* (Compl. ¶ 36); and (3) a breach of employment contract by USPTO. (Compl. ¶ 37.) Based on these allegations, Plaintiff seeks the following relief: (1) full restoration of employment as a patent examiner; (2) back pay and benefits from September 27, 2007; (3) $39,200 for pain and suffering; (4) $36,000 for emotional distress; (5) any and all costs of all legal proceedings including attorney's fees; and (6) all other relief as the Court deems appropriate. (Compl. ¶ 41.)

B. Procedural History

On November 11, 2008, Plaintiff filed an employment discrimination suit against then Secretary of Commerce Carlos M. Gutierrez[1] in the Northern District of California. *See* No. 1:09cv450, Compl. [dkt. 1.] On March 23, 2009, Plaintiff filed an amended complaint asserting claims for breach of contract and violations of the Rehabilitation Act and Title VII arising out of his previous employment with USPTO. *See id.*, Am. Compl. [dkt. 20.] Upon Defendant's motion to change venue, this case was transferred to the Eastern District of Virginia as No. 1:09cv450 on April 28, 2009. *Id.* [dkt. 35.] Meanwhile, Plaintiff filed a substantially identical complaint ("Complaint") covering the same causes of action based on the same set of facts in the Eastern District of Virginia on January 5, 2009. *See* No. 1:09cv005, Compl. [dkt. 1.] This Court consolidated the cases filed under Nos. 1:09cv450 and 1:09cv005 into one case under No. 1:09cv005 on May 1, 2009. *See id.* [Dkt. 40.]

On July 10, 2009, Defendant moved for summary judgment, pursuant to Federal Rule of Civil Procedure 56 and moved to dismiss Plaintiff's breach of contract claim under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction along with the requisite *Roseboro* notice. After granting two motions for extension of time filed by Plaintiff, the Court ordered Plaintiff to file his opposition to Defendant's summary judgment motion by September 7, 2009. In violation of

---

[1] The Secretary of Commerce, the proper Defendant in this case, is now Gary Locke. *See* Fed. R. Civ. P. 25(d).

the Court's September 7, 2009 Order and this Court's Local Rules regarding the page limits, Plaintiff filed a lengthy opposition to Defendant's motion as well as his separate "Response to Defendant's Statement of Undisputed Facts" on September 14, 2009. Defendant filed his reply to Plaintiff's opposition on September 16, 2009. On November 17, 2009, Plaintiff moved for summary judgment. Defendant filed his opposition on November 23, 2009. Plaintiff filed his reply on December 2, 2009. The hearing on parties' Cross-Motions for Summary Judgment was held on December 11, 2009.

On December 29, 2009, the Court granted Defendant's Motion for Summary Judgment rejecting all claims in the Plaintiff's Complaint, granted Defendant's Motion to Dismiss, and denied Plaintiff's Motion for Summary Judgment. [Dkt. 48.] Plaintiff filed a Motion for Reconsideration on January 19, 2010. [Dkts. 50-51.] Defendant opposed the Motion for Reconsideration on January 29, 2010; Plaintiff replied on February 3, 2010. Plaintiff's Motion is currently before the Court.

## II. Standard of Review

Though Plaintiff's Memorandum in Support does not specify under which legal authority Plaintiff submits his Motion for Reconsideration, the Court assumes that his Motion is essentially a Motion for Relief from Judgment relying on either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure. Because Plaintiff filed this Motion no later than 28 days after the Court has entered its judgment on December 29, 2009, the Court will treat Plaintiff's Motion to have been brought pursuant

4

to Rule 59(e). *See Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978); *see also* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.")

Under Federal Rule of Civil Procedure 59(e), a party may file a motion to alter or amend a judgment within 28 days of the entry of judgment. Fed. R. Civ. P. 59(e). A district court has "considerable discretion in deciding whether to modify or amend a judgment." *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008). However, this is "a remedy to 'be used sparingly.'" *Id.* (quoting *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).

A district court may grant a Rule 59(e) motion based on the following narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002) (quoting *Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 236 (4th Cir. 1994)) (internal quotations omitted). The purpose of Rule 59(e) motion is to allow "a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Id*. (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)).

### III. Analysis

Plaintiff requests the Court to grant his Motion for Reconsideration for two reasons: (1) the Court ignored to

consider certain statistical data in the record submitted with Plaintiff's summary judgment motion allegedly showing "disparate adverse impact" and (2) the statements of Glenton Burgess ("Burgess"), a former supervisor of Plaintiff, cited by the Court's December 29, 2009 Memorandum Opinion lacked credibility. (Pl.'s Mem. in Supp. of Mot. for Recons. ("Pl.'s Mem.") 2-3.) In light of Plaintiff's failure to identify the legal bases of his Motion for Reconsideration in his memorandum, the Court will review Plaintiff's argument in light of all three possible grounds for amending its earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pacific Ins. Co.*, 148 F.3d at 403 (citations omitted).

The first ground is not applicable here as there has been no intervening change in controlling law since the Court granted Defendant's Summary Judgment on December 29, 2009. Next, the Court finds that the statistical data as well as the statements of Burgess at issue do not constitute new evidence. In fact, the Court adequately considered Plaintiff's argument based on this statistical data [Dkt. 31 at 6; Dkt. 35 at 12] and found it to be irrelevant to the issue of pretext in its opinion. [Dkt. 48 at 29.] Because Plaintiff's motion merely "rehash[es] arguments previously presented," *Consulting Eng'rs v. Geo. Software Solutions & Structure Works*, 2007 WL 2021901, *2 (E.D. Va. 2007), the Court finds that the second ground for amendment is not applicable. The last inquiry for the Court, then, is

6

whether an alteration or amendment of the Court's December 29, 2009 judgment is necessary "to correct a clear error of law or prevent manifest injustice." *Pacific Ins. Co.*, 148 F.3d at 403.

In the Court's December 29, 2009 Memorandum Opinion, the Court found that Plaintiff did not make out a prima facie case of discrimination and that Defendant has come forward with a legitimate and non-discriminatory reason for terminating Plaintiff based on his poor work performance. [Dkt. 48 at 18-25.] Additionally, the Court found that Plaintiff provided no evidence showing that his termination based on poor performance was somehow pretextual and that disability discrimination was the real reason. [Dkt. 48 at 28-30.] The statistical data highlighted by the Plaintiff in his Motion for Reconsideration has not only been considered by this Court previously, but also provided information insufficient to defeat Defendant's summary judgment motion. Plaintiff states that only one out of six examiners in his class who requested reasonable accommodation was ultimately retained by USPTO and that this demonstrates "disparate adverse impact." (Pl.'s Mem. 2-3.) The Court finds that Plaintiff misrepresents the statistical data to make a disparate impact argument. The names of the six examiners who requested reasonable accommodation are taken from the list of probationary employees only and not out of the total of 113 examiners in Kunamneni's class. Thus, the Court does not believe that it committed a clear error of law that resulted in manifest injustice by considering this statistical data to be irrelevant to its inquiry of pretext.

Plaintiff next argues that the Court should not have relied on Burgess's statements in the record because his statements "lack credibility." (Pl.'s Mem. 3.) Plaintiff submits that Burgess falsified the date on the supervisory statement because the supervisory statement predates Plaintiff's request for the statement. (Pl.'s Mem. 3.) The Court finds this contention to be speculative and insufficient to withstand Defendant's Motion for Summary Judgment. Burgess's unrebutted testimony shows that he was asked by Michael Salley of the Office of Civil Rights ("OCR") to complete the supervisory statement for Plaintiff some time in August 2007. [Dkt. 21; Ex. 4 at 47-48.] Based on this evidence, it is clear that Plaintiff was not the only requestor for the form and it is possible that the OCR's request was made before Plaintiff's request. The Court does not think its consideration of Burgess's statements in the record submitted by the parties constituted a clear error of law and will not alter its December 29, 2009 judgment on this basis.

## IV. Conclusion

For the foregoing reasons, the Court will deny Plaintiff's Motion for Reconsideration.

An appropriate Order will issue.

February 4, 2010  /s/
Alexandria, Virginia  James C. Cacheris
UNITED STATES DISTRICT COURT JUDGE