IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| HARI P. KUNAMNENI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:09cv005 (JCC) |
| ) | 1:09cv450 (JCC) |
| GARY LOCKE, SECRETARY, ) | (Consolidated) |
| U.S. DEPT. OF COMMERCE, ) | |
| ) | |
| Defendant. ) | |

**M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Defendant Gary Locke, the Secretary of Commerce's ("Defendant" or the "Government") Motion to Revoke Plaintiff Hari P. Kunamneni's ("Plaintiff" or "Kunamneni") in forma pauperis ("IFP") Status. For the following reasons, the Court will grant Defendant's Motion.

**I. Background**

On November 11, 2008, Plaintiff, *pro se*, filed an employment discrimination suit against then Secretary of Commerce Carlos M. Gutierrez[1] in the Northern District of California. No. 1:09cv450, Compl. [Dkt. 1.] On March 5, 2009, the Court granted Plaintiff's application for IFP status. No. 1:09cv005,

---

[1] The Secretary of Commerce, the proper Defendant in this case, is now Gary Locke. *See* Fed. R. Civ. P. 25(d).

1

[Dkt. 4.]  On March 23, 2009, Plaintiff filed an amended complaint asserting claims for breach of contract and violations of the Rehabilitation Act and Title VII arising out of his previous employment with USPTO.  No. 1:09cv450, Am. Compl. [Dkt. 20.]  Upon Defendant's motion to change venue, this case was transferred to the Eastern District of Virginia as No. 1:09cv450 on April 28, 2009.  *Id.*, [Dkt. 35.]  Meanwhile, Plaintiff filed a substantially identical complaint ("Complaint") covering the same causes of action based on the same set of facts in the Eastern District of Virginia on January 5, 2009.  No. 1:09cv005, Compl. [Dkt. 1.]  Thus, this Court consolidated the cases filed under Nos. 1:09cv450 and 1:09cv005 into one case under No. 1:09cv005 on May 1, 2009.  No. 1:09cv450, [Dkt. 40.]

On December 29, 2009, the Court granted Defendant's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 as well as Defendant's Motion to Dismiss Plaintiff's breach of contract claim under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction; and denied Plaintiff's Motion for Summary Judgment.  No. 1:09cv005, [Dkt. 49.]  On February 4, 2010, the Court denied Plaintiff's Motion for Reconsideration.  *Id.*, [Dkt. 56.]  On March 30, 2010, Plaintiff filed a notice of appeal and indicated that "[a]s per [Federal Rule of Appellate Procedure 24(a)(3)] no fee is due." *Id.*, [Dkt. 57.]

On April 9, 2010, Defendant filed a Motion to Revoke Plaintiff's IFP Status pursuant to 28 U.S.C. § 1915(a) and Federal Rule of Appellate Procedure 23(a) based on changes in Plaintiff's financial condition.  *Id.*, [Dkt. 60].  On April 12, 2010, Plaintiff filed his response attaching an affidavit reflecting his financial status.  *Id.*, [Dkt. 64].  Defendant filed its reply on April 13, 2010.  *Id.*, [Dkt. 65.]  Defendant's Motion is before the Court.

## II. Standard of Review

Federal courts can allow a litigant to prosecute or defend a civil action without paying the usual required fees if the litigant submits an affidavit containing a statement of the litigant's assets and demonstrating that he or she cannot afford to pay the required fees.  28 U.S.C. § 1915(a)(1).  This federal IFP statute, "is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs."  *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 953 (4th Cir. 1995) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)) (internal quotation omitted).  Though a person need not be "absolutely destitute" to proceed IFP, *Adkins*, 335 U.S. at 339, IFP status is "a privilege, not a right." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986).  IFP status is available to one who can declare to the Court by way of affidavit that he

3

"cannot because of his poverty 'pay or give security for the costs . . . and still be able to provide' himself and dependents 'with the necessities of life.'" *Adkins*, 335 U.S. at 339. Whether to grant applications to proceed IFP is up to the discretion of the district court. *See Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980).

IFP status, once granted is not insulated from further consideration. *See Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981) ("Congress did not intend to waive forever the payment of costs, but rather it intended to allow qualified litigants to proceed without having to advance the fees and costs associated with litigation.") The Court "should, if necessary, take into account all relevant changes in [the] [P]laintiff's financial condition, both prior to and subsequent to the filing of suit." *Evans v. Croom*, 650 F.2d 521, 525 n.12 (4th Cir. 1981). Thus, if a district court finds that an IFP litigant's financial condition improved during the course of the litigation, "it is within the authority of the court to dismiss the proceeding or to require that the costs of the litigation to date [be] paid by [the] plaintiff in lieu of dismissal." *Prade v. Jackson & Kelly*, 941 F.Supp. 596, 597 n.1 (N.D.W.Va. 1996).

If the proceedings have reached the appellate level, as in this case, Federal Rule of Appellate Procedure 24(a)(3)(A) provides that "[a] party who was permitted to proceed

in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless the district court – before or after the notice of appeal is filed . . . finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the . . . finding." Fed. R. App. P. 24(a)(3)(A).

### III. Analysis[2]

According to Plaintiff's January 3, 2009 IFP application, Plaintiff stated that he was not employed, had $5,000 in cash or checking or savings account with his debt amounting to $1,000, $1,000 in stocks, a 1998 Mazda Miata worth approximately $1,000, and $12,000 in U.S. savings bonds. [Dkt. 2.] He also provided that he made approximately $6,400 in 2008. [Dkt. 2.] On April 8, 2010, Plaintiff filed in the United States Court of Appeals for the Fourth Circuit a Motion for Extension of Time to mail his appellate brief. (Mem. in Supp. of Def.'s Mot. to Revoke Pl.'s IFP Status ("Def.'s Mem.") Ex. ("DEX") 1.) In this motion, Plaintiff sought more time to prepare and file his opening brief and enumerated the following commitments as reasons for his inability to meet the required deadline: (1) "a speaking engagement on April 10, 2010;" (2) his enrollment in two college courses in preparation for CCIE

---

[2] All docket annotations referred to in this section are from the consolidated case number 1:09cv005.

security examination in August or September 2010; (3) volunteering schedule as a programming tutor from April to June 2010; and (4) his temporary employment as a census enumerator with the Census Bureau "which may be extended until Dec. 2010." (DEX 1 at 2-3.)

Defendant argues that Plaintiff's circumstances as demonstrated by Plaintiff's Motion for Extension of Time are not those of "one who requires or deserves the grant of IFP status." (Def.'s Mem. at 6.) Defendant further submits that because Plaintiff "is gainfully employed and has sufficient assets to litigate his claims," this Court "should protect the IFP privilege from misuse and revoke [P]laintiff's IFP status." (Def.'s Mem. at 7.) Plaintiff, in response, filed a brand new application to proceed IFP on April 12, 2010. [Dkt. 64.] In this April 12, 2010 IFP application, Plaintiff represented that he is not currently employed and that he earned $450 from tutoring at Deanza college in the previous year. *Id.* He also represented that he will be earning $22 per hour as a Census enumerator, working 30-35 hours per week, beginning in May 2010 for eight weeks, which may be extended beyond that time. [Dkt. 64.]; (DEX 1). Plaintiff now claims that he only has $2,500 in cash or checking or savings account, and that he has $350 in real estate, stocks, bonds or any other things of value. Plaintiff does not explain the depletion of assets from his

original IFP application filed in January 2009 nor does he explain the absence of the automobile that he once owned. [*Compare* Dkts. 2 & 64.]

Setting these inconsistencies between the two IFP applications aside, the Court holds that Plaintiff is not destitute based on Plaintiff's representations contained in the second IFP application he filed on April 12, 2010.  In addition to his current assets totaling in $2,850, he will be making anywhere from $5,280 to $6,160 in May and June 2010 as a Census enumerator and this engagement, Plaintiff admits, may be extended until December 2010.  [Dkt. 64.]  Furthermore, Plaintiff does not have any dependent to support.  [Dkt. 64.]  Based on these facts, the Court finds that Plaintiff could pay the filing fee and still "provide [himself] with the necessities of life."  *See Adkins*, 335 U.S. at 331.  Accordingly, the Court will deny Plaintiff's April 12, 2010 application to Proceed IFP and will revoke Plaintiff's IFP status granted by this Court on March 5, 2009.

### IV. Conclusion

For the foregoing reasons, the Court will grant Defendant's Motion to Revoke Plaintiff's IFP Status.

An appropriate Order will issue.

May 12, 2010                              /s/
Alexandria, Virginia              James C. Cacheris
                         UNITED STATES DISTRICT COURT JUDGE